UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, a non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BUCKLEY RECYCLE CENTER, INC.,<br><br>　　　　　Defendant. | No. 2:13-cv-01184RSM<br><br>ORDER ON PENDING MOTIONS |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's first and second Motion for Leave to File First and Second Amended and Supplemental Complaints (Dkt. ## 13, 29); Plaintiff's first and second Motion for Discovery LCR 37 Joint Submission (Dkt. ## 14, 30); and Defendants' Motion for Summary Judgment (Dkt. # 22). For the reasons that follow, the motions for leave to amend will be granted, the first LCR 37 Joint Submission will be deferred pending receipt of additional briefing, the second LCR 37 Joint Submission will be granted in part, and the motion for summary judgment will be denied with leave to renew.

ORDER - 1

## II. BACKGROUND

This is a Clean Water Act ("CWA") citizen suit brought by Plaintiff Waste Action Project ("WAP") under section 505 of the CWA, 33 U.S.C. § 1365. WAP alleges that Defendant Buckley Recycling Center, Inc. ("BRC") violated the CWA by discharging pollutants, without authorization, from an industrial and materials storage facility located in King County, Washington. WAP provided BRC notice of its intent to sue by letter dated May 3, 2013. The CWA requires that citizen plaintiffs provide notice to potential defendants of the alleged violation and their intent to file a citizen suit at least sixty days before filing the complaint. 33 U.S.C. § 1365(b). WAP acted in accordance with the notice requirement and filed suit on July 8, 2013.

After receiving initial discovery and conducting a site visit on December 17, 2013, WAP sought leave to amend and supplement the original complaint to include additional CWA violations. WAP stated that the new claims concerned "alleged unpermitted discharges of pollutants, including leachate and process wastewater, from the [BRC] facility and from particular structures or features constructed on the facility to adjacent ditches via direct hydrological connection"; "alleged discharges of fill material to wetlands and the adjacent ditches without a permit from the United States Army Corps of Engineers under CWA Section 404, 33 U.S.C. § 1344"; and "the joint liability of Ronald Shear, the individual responsible for controlling BRC, Inc.'s operations for all alleged CWA violations." Dkt. # 29, p. 4. WAP sent BRC and Mr. Shear notice letters informing them of its intent to incorporate the additional allegations into the current lawsuit. *See* Dkt. # 13-1, pp. 37-59, 61-65. WAP then filed its first motion to amend prior to the date that the sixty-day notice period expired. *See* Dkt. # 13.

BRC opposed WAP's first motion to amend on the basis that the Court lacked jurisdiction to consider the amendments until expiration of the notice period. Dkt. # 19. After making that argument, and despite knowing that WAP sought to add additional allegations in light of ongoing factual discovery, BRC filed a motion for summary judgment seeking dismissal of the original complaint. In its briefing, BRC proclaimed that "BRC is entitled to a ruling on the Complaint as originally pled." Dkt. # 28, p. 2. BRC's motion was supported only by the declaration Ronald Shear, who is BRC's operations manager and the individual that WAP sought leave to join as an additional defendant. *See* Dkt. # 23. BRC's motion was filed on January 29, 2014, about five and a half months before the scheduled close of discovery. Dkt. # 22.

WAP opposed the motion on several grounds including an argument that the motion was subject to denial under Fed. R. Civ. 56(d), and it moved to strike Shear's declaration as improper expert opinion testimony. It also requested the Court to direct BRC to show cause why BRC should not be sanctioned under Fed. R. Civ. P. 56(h) for filing a bad faith declaration in support of its motion. Dkt. # 24.

WAP filed a second motion seeking leave to amend its complaint and join additional defendants on March 27, 2014. The new amendments concern an alleged violation of Section 4005(a) of the Resource Conservation and Recovery Act ("RCRA"), as amended, 42 U.S.C. § 6945(a), for operating an open dump. The RCRA also imposes a sixty-day notice period under 42 U.S.C. § 6972(b)(1)(A), and although WAP served notice of the claims to the BRC and additional potential defendants on or about March 11, 2014, WAP's second motion was filed in advance of the end of the notice period.  BRC did not, however, oppose WAP's second motion for leave to amend.

ORDER - 3

## III. DISCUSSION

**A. WAP's First and Second Motion to Amend**

Federal Rule of Civil Procedure 15(a)(2) directs a court to grant leave to amend if justice so requires. "A district court should grant leave to amend…unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lacey v. Maricopa,* 693 F.3d 896, 926 (9th Cir. 2012). In other words, "requests for leave to amend should be granted with extreme liberality…." *Mirmehdi v. United States,* 689 F.3d 975, 985 (9th Cir. 2012).

For a Rule 15(a) motion, the non-moving party bears the burden of persuading the court that leave should not be granted. *Breakdown Services, Ltd. v. Now Casting, Inc.*, 550 F. Supp. 2d 1123, 1132 (C.D. Cal 2007) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). The court considers the following five factors in its analysis when leave to amend is requested: (1) bad faith, (2) undue delay, (3) prejudice to opposing party, (4) futility of amendment, and (5) whether the complaint was previously amended. *United States v. Corinthian Colleges*, 665 F.3d 984, 995 (9th Cir. 2011). Ordinarily, there is a presumption that leave to amend should be granted absent a strong showing of one of the five factors. *Eminence Capitol, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

As an initial matter, the sixty day notice period has now expired for the allegations asserted in both the proposed First Amended Complaint and the proposed Second Amended Complaint. *See* Dkt. # 29-1, ¶ 6 (alleging first and second supplemental notice letters were served on January 2, 2014), ¶ 7 (alleging RCRA notice letter was served on March 11, 2014). BRC challenged the first motion to amend on the ground that the Court lacked jurisdiction to consider WAP's proposed amendments prior to expiration of the CWA notice period.

ORDER - 4

Because the sixty-day period has expired, BRC's jurisdictional challenge is now moot. Similarly, the sixty day notice period has also expired for the alleged RCRA violations such that WAP's second motion seeking leave to amend is properly before the Court. As previously noted, BRC does not oppose WAP's second motion for leave to amend.

BRC did not offer a substantive challenge to either motion, nor has it claimed that it has cured any of the alleged violations. BRC has failed to address the Rule 15(a) factors and there is no evidence from which the Court could conclude that the requested amendments were sought in bad faith or were the product of undue delay, or that amendment will prejudice BRC. Having considered the record and found no reason why leave to amend should not be given, the Court grants WAP's first and second motions for leave to amend.

The second motion for leave to amend also seeks an eight month continuance of the trial date and other scheduling deadlines. BRC has not opposed this request. "A [scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court finds good cause to extend the deadlines in this case considering the factually-intensive nature of WAP's new allegations as well as the inclusion of additional defendants to the action. Accordingly, WAP's request to continue the trial schedule will also be granted.

**B. BRC's Motion for Summary Judgment**

In its motion for summary judgment, BRC argued that WAP's claims fail as a matter of law because there is no discrete conveyance of surface water at the BRC facility that would constitute a point-source discharge regulated by the CWA. WAP contends that there are numerous CWA-regulated point sources at the BRC site and that WAP's experts observed the ongoing discharge of water and pollutants. Although the record contains

ORDER - 5

competing factual testimony on these issues, WAP has been given leave to amend its complaint. Thus, the motion for summary judgment is premature.

Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)). Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir.2002). A Rule 56(d) "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted); *see also Metabolife Int'l, Inc. v. Wornick,* 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56[d] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the

opportunity to discover information that is essential to its opposition.'" (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986)).

Here, WAP's proffered declarations substantiate a need for further discovery particularly in light of the proposed pleading amendments. *See* Dkt. ## 25-27. It contends that an additional site visit will allow its experts to confirm the presence of wetlands subject to the CWA's jurisdiction, and to provide evidence of discharges from point sources into CWA jurisdictional waters. It also believes an additional site visit will allow its hydrology expert to obtain evidence that will controvert the statements made by Mr. Shear in his declaration. Further, BRC's summary judgment motion is premature because no depositions have been conducted. Dkt. # 27, Smith Decl. ¶ 4. WAP believes that deposition testimony and cross examination of BRC's witnesses, including Mr. Shear, will allow it to explore and controvert the assertions and opinions of Mr. Shear that BRC relies on to support its summary judgment motion. *See id.* There is no indication, or argument by BRC, that WAP has been dilatory in obtaining the necessary discovery. The Court finds that WAP's Rule 56(d) request is timely, specifically identifies relevant information, and it provides a basis for believing that the information actually exists. *Emp'rs Teamsters*, 353 F.3d at 1129. Accordingly, WAP's request is granted, and the motion for summary judgment is denied with leave to renew after the close of discovery.

**C. WAP's Motion to Strike the Shear Declaration**

As the Court has denied BRC's motion for summary judgment, it declines to consider the motion to strike Mr. Shear's supporting declaration. Should BRC rely on Mr. Shear's declaration in a future motion, the Court will consider WAP's motion to strike at that time.

**D. LCR 37 Joint Submissions**

ORDER - 7

There are two CR 37 Joint Submissions currently pending. In the first submission, WAP seeks to compel BRC to disclose certain financial records. The disputed discovery requests are as follows:

> **WAP's Requests for Production Numbers 26 and 27 and BRC's Responses**
> **Request for Production No. 26**
> Produce *your* final, balance sheets for each year from 2008 through the present.
> **Response:**
> Objection. This Request is not reasonable calculated to lead to the discovery of admissible evidence, is overbroad, and unduly burdensome. BRC will supplement this answer, if necessary, after an appropriate motion for summary judgment.
> **Request for Production No. 27**
> Produce *your* final, profit *and* loss statements for each year from 2008 through the present.
> **Response:**
> Objection. This Request is not reasonable calculated to lead to the discovery of admissible evidence, is overbroad, and unduly burdensome. BRC will supplement this answer, if necessary, after an appropriate motion for summary judgment.

Dkt. # 14, p. 2.

WAP contends that BRC's financial documents are relevant to (1) determining an appropriate civil penalty under section 1319(d) of the CWA, and (2) the Court's assessment of appropriate equitable relief. BRC opposes WAP's motion, but the Joint CR 37 submission did not include BRC's argument in opposition. *See* Dkt. # 14, p. 8 ("WAP has not received a response from BRC, Inc."). On the date that the LCR 37 joint submission was filed, BRC filed a "Response to the CR 37 Joint Submission." Dkt. # 16. Therein, BRC requested leave to file a substantive response to WAP's motion, and it stated that BRC's counsel "was unaware that BRC's portion of the 'joint motion' was due on any particular date." *Id.* at p. 1. It also stated that BRC's counsel notified WAP three days prior to the day that WAP filed the joint submission that he had been out sick and would provide BRC's opposition argument

ORDER - 8

within a few days. *Id.* WAP then filed a "Responsive Brief" to BRC's "Response" arguing that BRC's request to file a substantive argument should be denied.

Local Civil Rule 37(a)(2) establishes time limits for supplying an opposition when utilizing the expedited joint procedure. The rule plainly states that "[w]ithin seven days of receipt of the LCR 37 submission from the moving party, the opposing party shall serve a rebuttal to the moving party's position for each of the disputed discovery requests identified in the motion." LCR 37(a)(2)(C). The rule further provides "[i]f the opposing party fails to respond, the moving party may file the LCR 37 submission with the court and state that no response was received." *Id.*

Although WAP followed this procedure, it had notice that BRC's counsel intended to submit its opposition "within a few days." Rather than seek to refine the time frame for submitting a response or remind BRC's counsel that the responsive argument was due on a certain date, WAP chose to file the joint submission without BRC's portion. That decision lead to both BRC and WAP filing additional briefing, which is at odds with LCR 37's "joint" and "expedited" procedure.

Refereeing an escalating game of procedural "Gotcha" is not an economical use of judicial resources and the tactical maneuvers espoused by both parties to date raise the specter of procedural gamesmanship. Because decisions on the merits are favored, BRC is directed to file a substantive response to the joint submission within seven (7) days of this Order. Should WAP choose to file a reply brief, it shall be due within four (4) days of receiving BRC's response.

WAP's second LCR 37 motion concerns the following discovery request:

ORDER - 9

**A. Request for Entry & Response**

WAP issued the following request for entry to BRC:

Defendant Buckley Recycle Center, Inc. is requested pursuant to Federal Rules of Civil Procedure 26 and 34 to permit Plaintiff to enter onto Buckley Recycle Center Inc.'s property, or property it controls, which is the subject of this litigation and located at or about 28225 West Valley Highway S., Auburn, Washington, 98001, to inspect, photograph, video tape, test, sample and measure areas of the properties, and discharges of pollutants therefrom. Plaintiff intends to collect samples of water, soil, vegetation, and stockpiled material from multiple areas of the property. Sample collection will involve digging using hand tools, including a shovel and auger. Plaintiff intends to photograph and videotape the areas of the property, including the areas where it collects water, soil, vegetation, and stockpiled material samples, the perimeter of the property, and off-site areas visible from the property.

Those present will include Plaintiff's attorney(s), representative(s), and expert(s). Plaintiff's experts may include experts in wetland ecology, hydrology, or other environmental sciences.

This inspection may take approximately six hours, as required. Plaintiff requests entry on May 6, 7, or 8, 2014, at 10:30 a.m. or such other time or day on which the parties mutually agree.

BRC objected to the request for entry as follows:

Buckley Recycle Center, Inc. ("BRC") objects to Waste Action Project's ("WAP") third request to visit the Site. BRC has made the Site available on two prior occasions at WAP's request for the purpose of sampling and testing by WAP's expert witnesses. WAP has failed to identify why it could not conduct the requested sampling and testing on either of the two prior Site visits, which were for the same stated purpose. A third request is unduly burdensome. Moreover, it appears that the testing relates to claims that have not yet been approved by the Court for addition to this lawsuit. Therefore, any testing and sampling in furtherance of the proposed claims is premature. BRC will reconsider this request upon a valid showing of necessity and if, and after, the Court approves the pending motions to amend the Complaint.

Dkt. # 30, pp. 4-5.

As explained by BRC, WAP has visited the BRC site on two previous occasions. WAP states that although it inspected the site on December 17, 2013 and March 11, 2014 "it did not rain

ORDER - 10

during either inspection." "The primary purpose of the third site inspection is to document discharges from the site and receiving waters during a different season and under different weather conditions than WAP observed during the first two site visits." *Id.* at p. 2. BRC argues that WAP failed to conduct the testing it now seeks on two prior visits, and WAP never expressed to BRC that the weather conditions during the prior sites visits were not optimal.

The Court conducted a telephonic hearing with the parties on Friday, May 9, 2014. Counsel for WAP agreed that the optimal conditions for conducting a third site visit would occur during a period of active precipitation. The Court noted that the forecast called for dry conditions on the requested day (the upcoming Monday). The Court then denied WAP's request for a site visit on Monday, May 12, 2014. However, as the Court has now ruled on WAP's motions to amend and agrees that WAP should have an opportunity to conduct additional discovery to support its proposed amended claims, a third site visit during a period of active precipitation is warranted. Accordingly, the Court grants WAP's motion to compel in part.[1] WAP is directed to give BRC five calendar days' notice for entry onto the BRC site during a period where the weather forecast calls for precipitation. BRC is directed to permit entry of WAP's attorneys, representatives, and experts on its facility for approximately six hours. The site visit is to be conducted no later than June 15, 2014.

## IV. CONCLUSION

Having considered the motions, the responses and replies thereto, the declarations and attached exhibits, and the balance of the record, the Court hereby finds and ORDERS:

---

[1] Although the Court has granted WAP's motion to compel in part, because it had not yet ruled on the pending motions to amend and BRC's motion for summary judgment, it finds that BRC's opposition to a third site visit was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

ORDER - 11

(1) Plaintiff's Motion for Leave to File First Amended & Supplemental Complaint (Dkt. # 13) is GRANTED;

(2) Plaintiff's Motion for Discovery CR 37 Joint Submission (Dkt. # 14) is DEFERRED pending receipt of further briefing;

(3) Defendant is directed to file a Response to Dkt. # 14 within seven (7) days;

(4) Defendant's Motion for Summary Judgment (Dkt. # 22) is DENIED with leave to renew after the close of discovery;

(5) Plaintiff's unopposed Second Motion for Leave to File Second Amended and Supplemental Complaint and Motion to Continue Trial Schedule (Dkt. # 29) is GRANTED and a new scheduling order will be issued shortly;

(6) Plaintiff's Joint Motion for Discovery LCR 37 Joint Submission (Dkt. # 30) is GRANTED IN PART as discussed above.

DATED this 15th day of May 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE