UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| WASTE ACTION PROJECT | ) | |
| | ) | CASE NO. C13-1184RSM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION FOR |
| | ) | SANCTIONS |
| BUCKLEY RECYCLE CENTER, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | )) | |

THIS MATTER comes before the Court on Plaintiff's Motion for Sanctions, which follows its earlier Motion to Enforce Settlement Agreement. Dkts. #82 and #73.

On April 13, 2015, the parties in this matter verbally notified the Court that the case had been resolved and that they would be filing a consent decree for Court-approval. On July 10, 2015, the parties verbally advised that they were continuing to work on the consent decree and hoped to file it with the Court shortly. Days later, Plaintiff filed its motion to enforce asking the Court to enforce the terms of the settlement agreement as memorialized in a written term sheet during prior mediation. Dkt. #73. The Court denied that motion and directed the parties to continue to negotiate in good faith and promptly move forward with finalizing a consent decree. Dkt. #80. The Court also warned Defendants that should they continue to delay in responding to Plaintiff's efforts to draft an agreeable consent decree, such conduct may result in sanctions. *Id.*

ORDER
PAGE - 1

As of this date, no consent decree has been agreed on, and Plaintiff has now filed the instant motion for sanctions in further effort to reach an agreed consent decree.  Dkt. #82.

This is a Clean Water Act ("CWA") citizen suit brought by Plaintiff under section 505 of the CWA, 33 U.S.C. § 1365.  Dkt. #40.  Plaintiff alleges that Defendant Buckley Recycle Center, Inc. violated the CWA by discharging pollutants, without authorization, from an industrial and materials storage facility located in King County, Washington.  *Id.*

Plaintiff and Defendants Buckley Recycle Center, Inc., Ronald Shear and Ronda Sterley mediated this matter on April 9, 2015.  Dkt. #74 at ¶ 2.  However, Defendant Jeffrey Spencer, who owns the land on which the Buckley Recycle Center, Inc. is located did not participate in the mediation. Dkt. #74 at ¶ 2.   The mediation resulted in a settlement, which was memorialized in a written term sheet.  *Id.* at ¶ ¶ 2-3 and Ex. A.  In addition to agreeing to make certain monetary payments, ceasing operation and removing their equipment and materials from the subject property, Defendants Buckley Recycle Center, Inc., Shear and Sterley agreed, contingent upon Defendant Spencer's approval and signing of the consent decree, to make specified improvements (primarily planting and grading) to the subject property on a specified timeline.  *Id.*, Ex. A at ¶ 3(d).  Significantly, the term sheet also noted that if the landowner failed to approve the proposed plantings, the parties would engage in good faith negotiations of alternative terms.  *Id.*

Plaintiff and the Spencer Estate appear to have since been working toward finalizing a consent decree; however, Plaintiff now seeks sanctions for Defendants Buckley Recycle Center, Inc.'s, Ronald Shear's and Ronda Sterley's continued failure to engage in good faith efforts to finalize the consent decree.  Defendants Buckley Recycle Center, Inc., Ronald Shear and Ronda Sterley ask the Court to deny the motion, and instead direct the parties to continue

ORDER
PAGE - 2

negotiating alternative terms in good faith, citing good faith delay due to counsel's busy litigation schedule. Dkt. #84.

Having reviewed the parties' briefing and the declarations in support thereof, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Sanctions (Dkt. #82) is GRANTED IN PART.  The Court agrees that Defendants Buckley Recycle Center, Inc., Ronald Shear and Ronda Sterley have not shown good cause for their delay in this process.  While the Court appreciates that one of their attorneys has had a busy litigation schedule, the fact that they do not want to pay their other retained counsel, who has also appeared in this matter, does not excuse their delay.  Mr. Asher having appeared for Defendants remains responsible for this case as much as Mr. Lawler.  There is no reason in the record, other than Defendants' apparent desire to avoid paying two attorneys, that Mr. Asher could not have continued to move this matter forward during the time Mr. Lawler was engage in other matters.  Further, the fact that Defendants Buckley Recycle Center, Inc, Ronald Shear and Ronda Sterley have apparently now attempted to renegotiate terms already agreed upon during mediation reflects a bad faith effort to further delay these proceedings.  This conduct has necessitated Court intervention, wasting everyone's time and resources for a matter that was purportedly settled six months ago.  For these reasons, the Court enters the following sanctions against Defendants:

   a. Defendants Buckley Recycle Center, Inc., Ronald Shear and Ronda Sterley shall pay the attorney's fees incurred by Plaintiff associated with filing the previous Motion to Enforce and the instant Motion for Sanctions.  **No later**

ORDER
PAGE - 3

**than 10 days from the date of this Order** Plaintiff shall file a Supplemental Motion for Award of Fees and Costs, supplying this Court with detailed documentation supporting the requested fees and costs. Plaintiff shall note the Motion for consideration <u>no later than two Fridays after the motion is filed</u>.  Defendants shall file a response <u>not to exceed ten (10) pages</u>, <u>no later than the Monday prior to the noting date</u>.  **No reply shall be filed**. Upon the completion of briefing, the Court will take this matter under consideration without oral argument.

b. Defendants shall respond in good faith to Plaintiff's consent decree **no later than three (3) business days of the date of this Order**.  Should Defendants Buckley Recycle Center, Inc., Ronald Shear and Ronda Sterley fail to so respond, they and/or their counsel may be held in contempt of Court subject to additional sanctions for their failure to follow this Order.  Nothing in this Order precludes Defendants Buckley Recycle Center, Inc., Ronald Shear and Ronda Sterley from filing a motion for relief from the deadline set forth in this subsection if they believe good cause necessitates such a motion; <u>however</u>, the allowance of such a filing is not intended to imply how the Court would resolve such a motion.

2. Defendants Buckley Recycle Center, Inc., Ronald Shear and Ronda Sterley are warned that should they continue to engage in any bad faith delay in responding to Plaintiff's efforts to draft an agreeable consent decree, this Court will also impose the following sanction – at Defendants Buckley Recycle Center, Inc.'s, Ronald Shear's and Ronda Sterley's expense, the Court will direct the parties to re-engage

ORDER
PAGE - 4

in private mediation with their prior mediator for the purpose of drafting an agreed consent decree, thereby achieving final settlement.

3.  On this record, it appears that the Spencer Estate has been cooperating in Plaintiff's efforts to move this matter forward at this time and is not subject to sanctions.  The Court directs the Spencer Estate to continue engaging in moving this matter forward and warns that any undue delay on the Estate's part may result in sanctions.

4.  Defendants are directed to provide a copy of this Order to the Spencer Estate representative and counsel.

DATED this 5 day of October 2015.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5