UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | ) |
| | ) CASE NO. C13-1184RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) SECOND ORDER GRANTING IN PART |
| | ) SUPPLEMENTAL MOTION FOR |
| BUCKLEY RECYCLE CENTER, INC., *et al.*, | ) ATTORNEY'S FEES |
| | ) |
| | ) |
| Defendants. | )) |

## I.   INTRODUCTION

On December 7, 2016, this Court granted Plaintiff's third motion to enforce the settlement agreement, and awarded attorney's fees to Plaintiff. Dkt. #126. At the Court's direction, Plaintiff has filed a Supplemental Motion for Attorney's Fees detailing the fees and costs requested. Dkt. #127. Plaintiff seeks $12,428.75 in fees and $87.89 in costs, for a total award of $12,516.64. Dkts. #127 and #128. Defendants oppose the requested fees, arguing that they are excessive. Dkts. #131 and #132. For the reasons set forth herein, the Court now GRANTS IN PART and DENIES IN PART Plaintiff's motion.

## II.   BACKGROUND

The Court has previously set forth the relevant background to this action and incorporates it by reference herein. *See* Dkts. #89, #108 and #126.

ORDER
PAGE - 1

## III. DISCUSSION

### A. Legal Standard

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors here are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

### B. Reasonableness of Rates

This Court has previously determined that the hourly rates requested by Plaintiff's counsel are reasonable, and Defendants have not objected to those. *See* Dkt. #97; *Waste Action Project v. Astro Auto Wrecking LLC*, Case No. C15-0796JCC (W.D. Wash. June 30, 2016) at Dkt. #28 (awarding fees at 2016 hourly rates).

///

///

ORDER
PAGE - 2

### C. Reasonableness of Hours

Now turning to the reasonableness of the hours requested, the Court notes "[t]he party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, the Ninth Circuit has held that it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Likewise, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949.

Plaintiff has presented a detailed description of billing time related to bringing its second motion to enforce the settlement agreement. Dkt. #128. As an initial matter, the Court will not award fees for Plaintiff's counsel to consult with their client, as the Court finds such activity to be analogous to intra-office conferences. Likewise, the Court will deduct time billed for meetings between Attorney Tonry and Attorney Smith. Not only does this time constitute intra-office conferences, Plaintiff's counsel has engaged in block billing many of those time entries, which leaves the Court unable to adequately attribute the time spent on those particular activities. *See* Dkt. #128; *Welch*, 480 F.3d at 948. The Court has deducted time from Plaintiff's requested fees for the same reasons on prior motions.

Accordingly, for those entries which the Court can attribute solely to intra-office conferences and/or client meetings, the Court will deduct the following:

    10/13/2016    Claire Tonry = 0.10 hrs ($27.50)

    10/14/2016    Richard Smith = 0.30 hrs ($110.25)

    11/17/2016    Richard Smith = 0.10 hrs ($36.75)

    11/18/2016    Richard Smith = 0.20 hrs ($73.50)

    11/29/2016    Richard Smith = 0.30 hrs ($110.25)

    12/1/2016    Richard Smith = 0.20 hrs ($73.50)

Dkt. #128 at 4-5.

Likewise, because the following time has been blocked billed, and includes time that either constitutes, or is analogous to, intra-office conferences, the Court will reduce those entries by 20%, and deduct that time as follows:

    10/14/2016    Claire Tonry = 4.0 hrs ($1,100.00) – 20% ($220.00)

    10/17/2016    Claire Tonry = 6.40 hrs ($1,760.00) – 20% ($352.00)

    11/18/2016    Richard Smith = 0.50 hrs ($183.75) – 20% ($36.75)

*Id.*

Similarly, because the following time has been block billed, leaving the Court unable to make an adequate reasonableness determination, the Court will also reduce those entries by 20%, and deduct that time as follows:

    10/24/2016    Richard Smith = 1.70 hrs ($624.75) – 20% ($124.95)

    10/31/2016    Richard Smith = 0.40 hrs ($147.00) – 20% ($29.40)

    11/28/2016    Claire Tonry = 0.60 hrs ($165.00) – 20% ($33.00)

    12/2/2016    Claire Tonry = 0.70 hrs ($192.50) – 20% ($38.50)

Dkt. #128 at 4-5.

Finally, the Court will reduce the requested fees by time spent on activities that is purely administrative in nature, as follows:

    10/24/2016    Jessie Sherwood = 0.80 hrs ($108.00)

    12/16/2016    Richard Smith = 0.20 hrs ($73.50)

*Id*.

Defendant also argues that certain time billed by Plaintiff's counsel is duplicative and should be denied, particularly given the experience of the attorneys. Dkt. #131 at 2-3. The Court agrees that some of the time identified by Defendants is duplicative and/or unnecessary and therefore will deduct the following time:

    11/14/2016    Claire Tonry = 0.20 hrs ($55.00)

    11/18/2016    Caire Tonry = 0.80 hrs ($220.00)

    11/22/2016    Claire Tonry = 0.60 hrs ($165.00)

    12/1/2016    Claire Tonry = 0.30 hrs ($82.50)

*Id.*

The Court finds the remaining hours requested to be reasonable and will award the fees associated with those hours in the total amount of $10,458.40.

**D. Lodestar Adjustment**

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent defending this matter and does not find it necessary to make any lodestar adjustments.

///

///

ORDER
PAGE - 5

### E. Costs

Plaintiff also seeks $87.89 in costs. Dkt. #128 at 5. Defendants have objected to some of the requested costs. Dkt. #131 at 3. Having reviewed Defendants' argument and the costs requested by Plaintiff, the Court will grant Plaintiff's requested costs with the exception of those related to Ms. Tonry's attendance at the Court's status conference on November 18, 2016. The Court has already stricken Ms. Tonry's time for that conference as duplicative and/or unnecessary, and therefore denies reimbursement for the following costs:

11/18/2016     Claire Tonry = $2.25 (bus fare)

= $10.51 (Uber fare)

Dkt. #128 at 5. Accordingly, the Court awards $75.13 in costs.

## IV.     CONCLUSION

Having considered Plaintiff's Supplemental Motion for Fees and Costs and the Declaration in support thereof, along with Defendants' opposition and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's motion (Dkt. #127) is GRANTED IN PART AND DENIED IN PART for the reasons discussed above.

Plaintiff is awarded **fees in the amount of $10,458.40 and costs in the amount of $75.13, for a total of $10,533.53.**

DATED this 11th day of January, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE