UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUCKLEY RECYCLE CENTER, INC., et al.,<br><br>　　　　Defendants. | CASE NO. C13-1184 RSM<br><br>ORDER ON SUPPLEMENTAL MOTION FOR AWARD OF FEES AND COSTS |

　　This matter is before the Court on Plaintiff's Supplemental Motion for Award of Fees and Costs. Dkt. #166. The Court previously granted Plaintiff's request for attorneys' fees and costs when it granted the Joint Motion of Plaintiff and King County to Modify Consent Decree, found that Defendants had breached the consent decree, and modified the consent decree. Dkt. #165. On the basis of declarations by Plaintiff's counsel, Plaintiff seeks an award of fees and costs in the amount of $18,633. Dkt. #166 at 1. Defendants argue that the request is excessive and point to specific billing entries that they contend the Court should not award. Dkt. #169. Having considered the matter, the Court makes an award of $13,048.43.

**A. Legal Standard**

　　District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Attorneys' fee awards are determined by

ORDER – 1

1  calculating a "lodestar figure," the number of hours reasonable expended at a reasonable hourly

2  rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Camacho v. Bridgeport Fin., Inc.*, 523

3  F.3d 973, 978 (9th Cir. 2008). In so doing, the Court is to exclude time which it determines is

4  excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. The lodestar figure

5  is presumptively reasonable, but the court can adjust the lodestar figure by consideration of the

6  *Kerr*[1] factors in appropriate cases. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

7  **B. Reasonable Hourly Rate**

8  "Fee applicants have the burden of producing evidence that their requested fees are 'in

9  line with those prevailing in the community for similar services by lawyers of reasonably

10  comparable skill, experience and reputation.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096,

11  1110 (9th Cir. 2014) (quoting *Camacho*, 523 F.3d at 980). The court does not focus on the rate

12  "actually charged the prevailing party" but looks to "fees that private attorneys of an ability and

13  reputation comparable to that of prevailing counsel charge their paying clients for legal work of

14  similar complexity." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (citations

15  omitted).

16  Plaintiff's attorneys, Mr. Richard Smith and Ms. Claire Tonry, adequately establish their

17  reputation as respected members among the community of attorneys practicing environmental

18  law. Dkts. #167 and #168. Mr. Smith is highly experienced and a national expert on Clean Water

---

[1] The "*Kerr* factors" refer to various considerations identified by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). These factors include (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill required, (4) the preclusion of other employment, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the relationship with the client, and (12) awards in similar cases. *Id.* at 70. Many of these factors are subsumed into the lodestar calculation itself. *Cunningham v. Cnty. of Los Angeles*, 879 F2d 481, 487 (9th Cir. 1988).

ORDER – 2

Act litigation. Dkt. #167 at ¶¶ 2–6. Ms. Tonry, while having fewer years of experience, is well on her way to a similar pedigree. Dkt. #168 at ¶¶ 2–7. Asserting that the rates are commensurate with those charged by attorneys of similar skill and experience, Plaintiff's attorneys seek hourly rates of $600 and $405, respectively. Dkt. #167 at ¶ 1. Defendants contend that hourly rates of $450 and $300 are more appropriate. Dkt. #170 at ¶ 9.

The Court begins by noting that it has awarded Plaintiff's counsel at hourly rates of $460 and $275 throughout this case.[2] *See* Dkts. #97, #112,[3] and #135. However, these rates do not account for any increases during the pendency of what is now a seven-year-old case. During this time, Plaintiff's attorneys have been awarded similar hourly rates within this District, adjusting for annual increases of approximately 5.5%. *See Waste Action Project v. Astro Auto Wrecking*, LLC., Case No. 15-cv-796-JCC (W.D. Wash.); *Puget Soundkeeper Alliance v. Rainier Petroleum Corp.*, Case No. 14-cv-829-JLR, Dkt. #132 (Dec. 21, 2017 W.D. Wash.) (indicating annual increases of $15 per hour in Ms. Tonry's hourly rate). Applying 5% annual increases to the rates awarded in 2015, the Court arrives at approximate hourly rates of $585 for Mr. Smith and $350 for Ms. Tonry. These amounts strike the Court as reasonable hourly rates and are in accord with those charged in the relevant community.

However, and similar to the previous awards in this case, the Court finds that the relevant motion practice was not of the nature that required Mr. Smith's experience with complex environmental litigation. Rather, the briefing and argument focused on straightforward issues of fact and law. Accordingly, the Court again finds it appropriate to award Mr. Smith's time at a

---

[2] In these prior orders, the Court awarded Mr. Smith's work at an hourly rate of $367.50. However, this was because the Court applied a blended rate—averaging Mr. Smith's hourly rate of $460 and Ms. Tonry's hourly rate of $275—because the work performed by Mr. Smith was less complex than the work that would otherwise justify his hourly rate of $460.

[3] In this 2016 instance the Court used an hourly rate of $290 for Ms. Tonry.

ORDER – 3

1 blended hourly rate of $467.50—the average of Mr. Smith's and Ms. Tonry's reasonable hourly

2 rates.

3     **C. Reasonable Number of Hours**

4     "The party seeking fees bears the burden of documenting the hours expended in the

5 litigation and must submit evidence supporting those hours." *Welch*, 480 F.3d at 945–46 (citing

6 *Hensley*, 461 U.S. at 433); *Hensley*, 461 U.S. at 434 (court is to exclude those hours that are not

7 reasonably expended because they are "excessive, redundant, or otherwise unnecessary").

8     In total Plaintiff seeks compensation for 23.9 hours of Mr. Smith's time and 10.6 hours

9 of Ms. Tonry's time. Dkt. #167 at 2. Defendants argue that this time is excessive in light of

10 Plaintiff being joined by King County in its successful motion and the Court holding a single

11 argument on the matter. Dkt. #169 at 2. Defendants also object that Plaintiff has included

12 excessive and redundant time, block billed time entries, and included time preparing the

13 supplemental fee briefing requested by the Court.

14     On the whole, Defendants' objections do not justify excluding individual time entries.

15 The single exception is Defendants' objection to Plaintiff's claim of time for both attorneys

16 attending the Court's oral argument when only one attorney actively participated. *Id.* at 3. Of

17 course, two attorneys attending a single hearing can both contribute—even if only one actively

18 speaks—to a client's positive outcome. But, in the absence of an adequate justification from

19 Plaintiff in this matter, the Court will not award the 1.1 hours billed by Ms. Tonry on October

20 27, 2020.

21     As to Defendants' other objections, the Court finds that to the extent they have merit, they

22 support a bulk, across-the-board, cut to the hours claimed. Within the Ninth Circuit, a 10%

23 haircut of hours without a specific explanation is not error and the Court may apply a larger cut

24

ORDER – 4

with "weightier and more specific" justifications. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008). Here, the Court finds that a 10% cut is appropriate.

The Court agrees with Defendant that some of the time requested was for coordination and collaboration between counsel. While not inherently objectionable, the Court finds the total time excessive, supporting a haircut of more than 10%.

Conversely, Defendants' argument that Plaintiff engaged in block billing is not well taken. Block billed time is excluded or discounted because it makes it more difficult for the Court to determine how much time was spent on particular activities. *Welch*, 480 F.3d at 948. But here, the entry that Defendants point to is a single 3.3-hour entry indicating that Mr. Smith prepared for a conference with King County to prepare for oral argument, reviewed pleadings and evidence in preparation, and participated in the call with King County. These three tasks are all interconnected, and 3.3 hours of time strikes the Court as a substantially reasonable amount for the tasks involved. This argument does not justify a larger haircut.

Contrary to Defendants' argument, the Court does not find it objectionable that Plaintiff claims time associated with its preparation of supplemental briefing as to fees. First, the Court expressly requested the briefing. Second, and more important, claims for the time spent preparing fees motions is recoverable within the Ninth Circuit. *See Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996) (compensation for seeking fees "must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received").

While Defendants' arguments may justify a haircut of more than 10% on this record, the Court finds the justification outweighed by counsels' performance in this matter. Unquestionably, Plaintiff's counsel was aided by King County's efforts to intervene and contribute to the parties' joint motion. But Defendants see the benefit of that involvement

ORDER – 5

reflected in the reduced number of hours spent by Plaintiff's counsel. Those hours that were dedicated to the matter resulted in briefing and argument that was concise, targeted to the relevant issues before the Court, and of considerable assistance to the Court's understanding. Whether justifying a positive adjustment under the *Kerr* factors or merely mitigating against a more sizable haircut justified by billing deficiencies, Plaintiff's counsels' lawyering precludes any haircut greater than 10%.

The Court therefore determines that Mr. Smith reasonably expended 21.51 hours on this matter and that Ms. Tonry reasonably expended 8.55 hours on this matter.

**D. Conclusion**

Accordingly, and having considered the briefing of the parties and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Supplemental Motion for Award of Fees and Costs is GRANTED IN PART and DENIED IN PART. The Court awards attorneys' fees in the amount of $13,048.43.

Dated this 8th day of February, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6