UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | CASE NO. C13-1184 RSM |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO MODIFY CONSENT DECREE |
| BUCKLEY RECYCLE CENTER, INC., et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Buckley Recycle Center ("BRC")'s Amended Motion to Modify Consent Decree, Dkt. #176. BRC requests a modification "to allow BRC either: (1) an 18-month break from clearing acreage to process permitting for Enumclaw; or (2) the right to exercise a 'pass' for up to four (4) of the required times for clearing an additional acre." Plaintiff Waste Action Project ("WAP") opposes this Motion and moves for Rule 11 sanctions. Dkt. #178. Neither party has requested oral argument.

The background facts of this case have been thoroughly detailed in the Court's December 1, 2020, Order on Pending Motions and need not be repeated. *See* Dkt. #165. The parties seem to think so too. *See* Dkt. #176 at 2 n.1 ("[d]ue to the Court's familiarity with this matter, a lengthy recitation of facts with concurring cites to the record is foregone in this brief…"); Dkt. #176 at 5

ORDER – 1

1  ("The Court's recitation of the background facts set forth in its December 1, 2020, Order on
2  Pending Motions is incorporated here by reference.").

3  Given BRC's code violations and failure to utilize its "best efforts," the Court found that
4  BRC had violated the Consent Decree and modified it to require BRC to vacate the Spencer
5  Property and clean it up within four years of the date of the Order, rather than starting the clock
6  after permitting was completed. See Dkt. #165 at 20; Dkt. #143.

7  In the last two years, BRC has attempted on some level to comply with the Consent
8  Decree and the Court's Modification Order. See Dkt. #176 at 3–4 (discussing the clearing of
9  some land). However, BRC now admits to the Court that it will have "a significant problem
10 moving forward with compliance," blaming King County for "process[ing] the permit
11 application at a snail's pace," "the economic downturn triggered by the COVID pandemic,"
12 staffing issues, and even the weather. *Id*. at 5–6.

13 WAP counters with a litany of BRC's misdeeds related to this case and reminds the Court
14 of its previous findings and rulings. See Dkt. #178 at 2 and 5–6.

15 A motion to modify a consent decree is properly considered under Rule 60(b). See Dkt.
16 #165 at 14; *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 378 (1992). Although BRC does
17 not cite Rule 60(b), it appears that BRC is arguing for relief under either Rule 60(b)(5) or (6).
18 Rule 60(b)(5) "provides a means by which a party can ask a court to modify or vacate a judgment
19 or order if a significant change either in factual conditions or in law renders continued
20 enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009). Rule
21 60(b)(6) is a catchall provision that depends on the "exercise of a court's ample equitable power
22 … to reconsider its judgment." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). Under
23 Rule 60(b)(5), the "party seeking modification of a consent decree bears the burden of
24 establishing that a significant change in circumstances warrants revision of the decree." *Rufo*,

ORDER – 2

502 U.S. at 383. If this "heavy burden" is met, the "district court must then determine whether the proposed modification is suitably tailored to resolve the problems created by the changed factual or legal conditions." *United States v. Asarco, Inc.*, 430 F.3d 972, 979-80 (9th Cir. 2005). A movant seeking relief under Rule 60(b)(6) is required to "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Martinez v. Shinn*, No. 21-99006, 2022 U.S. App. LEXIS 13097, *19 (9th Cir. May 16, 2022) (citations omitted). "Extraordinary circumstances occur where there are 'other compelling reasons' for opening the judgment" that prevented the movant from raising the basis of the motion during the pendency of the case. *Id*. (citations omitted).

As noted in the prior Order, the Court also has equitable power to modify the terms of a consent decree. *See Keith v. Volpe*, 784 F.2d 1457, 1461 (9th Cir. 1986) ("[E]ven in the absence of express authorization in the decree or request from the parties, the power to modify in appropriate circumstances is inherent in the equity jurisdiction of the court.") (citation omitted). Modification is especially appropriate "where a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes." *Id*. at 1460 (quoting *King-Seeley Thermos Co. v. Aladdin Industries*, 418 F.2d 31, 35 (2d Cir. 1969)) (quotation marks omitted).

The Court agrees with WAP's characterization that this Motion "fails to show good cause for Court action to allow BRC to continue its illegal Auburn operation beyond the fixed date already provided by the December 1, 2020, modification order and instead represents an effort to relitigate the parties' arguments leading to that modification order." Dkt. #178 at 2. BRC is largely responsible for past and current permitting delays and fails to convince the Court otherwise. BRC's other arguments about a change in circumstances are unconvincing, and the Court agrees with WAP's characterizations of BRC's diligence. WAP goes further, arguing that

ORDER – 3

BRC is operating in bad faith, but such is beyond the scope of whether to grant or deny BRC's Motion.  BRC has not convinced the Court that a modification under Rule 60(b) or equity is justified.  The Court declines to strike any of BRC's evidence.

The Court declines to award sanctions under Rule 11 at this time, as BRC's conduct is short of the high bar required for such.  *See Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988) ("Rule 11 is an extraordinary remedy, one to be exercised with extreme caution.").

Accordingly, having considered the briefing of the parties and the remainder of the record, the Court hereby FINDS and ORDERS that BRC's Amended Motion to Modify Consent Decree, Dkt. #176, is DENIED.  WAP's Cross-Motion for Rule 11 Sanctions is DENIED.

Dated this 26th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER – 4