UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | CASE NO. C13-1184 RSM |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| BUCKLEY RECYCLE CENTER, INC., et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Buckley Recycle Center ("BRC")'s Motion for Reconsideration. Dkt. #184. On June 2, 2022, BRC moved to modify the Consent Decree in this case "to allow BRC either: (1) an 18-month break from clearing acreage to process permitting for Enumclaw; or (2) the right to exercise a 'pass' for up to four (4) of the required times for clearing an additional acre." Dkt. #176. The Court denied that Motion. Dkt. #183. In its Order, the Court discussed how the previous facts of the case were well known to the parties. The Court referred to its earlier Order modifying the Consent Decree, which in turn was based on BRC's code violations and failure to utilize its "best efforts." *Id*. at 2 (citing Dkt. #165 at 20). The Court cited to Plaintiff WAP's briefing detailing "a litany of BRC's misdeeds related to this case and remind[ers to] the Court of its previous findings and rulings." *Id*. (citing Dkt. #178 at 2 and 5–6). The Order held BRC failed to show good cause for Court action "to allow BRC to

ORDER DENYING MOTION FOR RECONSIDERATION – 1

1  continue its illegal Auburn operation beyond the fixed date already provided by the December 1,
2  2020, modification order" and found that BRC was essentially relitigating prior arguments. *Id*.
3  at 3. The Court stated that "BRC is largely responsible for past and current permitting delays
4  and fails to convince the Court otherwise." *Id*. The Court found BRC's other arguments
5  unconvincing based on a lack of diligence.

6  BRC's Motion for Reconsideration argues the Court discounted its arguments and
7  ignored its evidence. From BRC's perspective, it presented declarations with evidentiary support
8  while the Court relied on WAP's arguments with no evidentiary support. The Motion asks the
9  question "in what way does denial of BRC's motion help move any party towards compliance?"
10 Dkt. #184 at 2. Later, BRC states "[t]he question to be answered is whether the Consent Decree
11 in its current form leaves any path for BRC to comply." *Id*. at 3.

12 "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily
13 deny such motions in the absence of a showing of manifest error in the prior ruling or a showing
14 of new facts or legal authority which could not have been brought to its attention earlier with
15 reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the
16 movant believes were overlooked or misapprehended by the court, any new matters being
17 brought to the court's attention for the first time, and the particular modifications being sought
18 in the court's prior ruling." LCR 7(h)(2).

19 A motion to modify a consent decree is properly considered under Rule 60(b). *See* Dkt.
20 #165 at 14; *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 378 (1992). BRC argues for relief
21 under either Rule 60(b)(5) or (6). Rule 60(b)(5) "provides a means by which a party can ask a
22 court to modify or vacate a judgment or order if a significant change either in factual conditions
23 or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557
24 U.S. 433, 447 (2009). Rule 60(b)(6) is a catchall provision that depends on the "exercise of a

ORDER DENYING MOTION FOR RECONSIDERATION – 2

1   court's ample equitable power … to reconsider its judgment." *Phelps v. Alameida*, 569 F.3d
2   1120, 1135 (9th Cir. 2009).  Under Rule 60(b)(5), the "party seeking modification of a consent
3   decree bears the burden of establishing that a significant change in circumstances warrants
4   revision of the decree." *Rufo*, 502 U.S. at 383.  If this "heavy burden" is met, the "district court
5   must then determine whether the proposed modification is suitably tailored to resolve the
6   problems created by the changed factual or legal conditions." *United States v. Asarco, Inc.*, 430
7   F.3d 972, 979-80 (9th Cir. 2005). A movant seeking relief under Rule 60(b)(6) is required to
8   "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Martinez v.*
9   *Shinn*, No. 21-99006, 2022 U.S. App. LEXIS 13097, *19 (9th Cir. May 16, 2022) (citations
10  omitted).  "Extraordinary circumstances occur where there are 'other compelling reasons' for
11  opening the judgment" that prevented the movant from raising the basis of the motion during the
12  pendency of the case.  *Id*. (citations omitted).

13       As noted in its Order, the Court also has equitable power to modify the terms of a consent
14  decree.  *See Keith v. Volpe*, 784 F.2d 1457, 1461 (9th Cir. 1986) ("[E]ven in the absence of
15  express authorization in the decree or request from the parties, the power to modify in appropriate
16  circumstances is inherent in the equity jurisdiction of the court.") (citation omitted).
17  Modification is especially appropriate "where a better appreciation of the facts in light of
18  experience indicates that the decree is not properly adapted to accomplishing its purposes." *Id*.
19  at 1460 (quoting *King-Seeley Thermos Co. v. Aladdin Industries*, 418 F.2d 31, 35 (2d Cir. 1969))
20  (quotation marks omitted).

21       The Court's ruling was based on the above standards, barely discussed in the instant
22  Motion.  Under the Rule 60(b) standard, BRC has a heavy burden to present a significant change
23  in circumstances warranting revision of the decree and must also show that the proposed
24  modification is suitably tailored to resolve the problems.  WAP does not have to prove anything

ORDER DENYING MOTION FOR RECONSIDERATION – 3

or provide any new evidence. In its Order, the Court relied on the weaknesses in BRC's evidence and arguments, as detailed by WAP, and the existing record. BRC's instant Motion fails to demonstrate manifest error in the Court's analysis under this standard, which is not discussed at all. Merely stating that the status quo will result in BRC's noncompliance is inadequate to justify BRC's proposed solution.

The Court also has the equitable power to modify the terms of the decree. The Court found that BRC's actions in this case, in their totality, did not warrant the requested relief. BRC's Motion does not point to any manifest error here either. Instead, BRC suggests it should get an equitable modification to the consent decree whenever it cannot comply. However, such a failure to comply can be due to BRC's actions or to unforeseeable external forces. It is for BRC to convince the Court that its proposed solution would be equitable given the interests of BRC *and* WAP. The Court continues to agree with WAP's characterization of BRC's lack of diligence. BRC cites *Keith*, *supra* ("where a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes."). The Court continues to find that this standard has not been met by BRC.

Accordingly, having considered BRC's Motion and the remainder of the record, the Court hereby finds and ORDERS that BRC's Motion for Reconsideration, Dkt. #184, is DENIED.

DATED this 9th day of November, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION – 4