UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, <br><br> Plaintiff, <br><br> v. <br><br> BUCKLEY RECYCLE CENTER, INC., et al., <br><br> Defendants. | CASE NO. C13-1184 RSM <br><br> ORDER DENYING MOTION FOR RECONSIDERATION OF SANCTIONS ORDER |

This matter comes before the Court on Defendant Buckley Recycle Center ("Buckley")'s most recent Motion for Reconsideration, Dkt. #207.  Buckley moves the Court to reconsider its Order Granting Motion to Enforce Consent Decree and Imposing Sanctions, entered on October 2, 2025.

The Court heard oral argument on July 15, 2025, and found Defendant Buckley to be in contempt of the Consent Decree at that time.  Dkt. #205.  In its October 2 Order, the Court stated Buckley was in violation of the heart of the Consent Decree's injunctive relief, which required it to vacate the Spencer Property by December of 2024 and restore the site to conditions suitable for wetland habitat and farming.  *See* Dkt. #206 at 1 (citing Dkt. #143 at 5; Dkt. #165 at 20).  The Court found that Buckley continues to "stockpile" large volumes of material and engage in "high volume industrial activities" at the Site rather than restoring it to a suitable condition.  *Id*.  The

ORDER DENYING MOTION FOR RECONSIDERATION OF SANCTIONS ORDER – 1

1   Order sanctioned Buckley $1,000 a day, starting from July 15, 2025, and set up a process for the
2   parties to meet-and-confer to determine when sanctions should cease. *Id*. at 2.
3       In the instant Motion, Buckley first argues it was error to find it in contempt because it
4   "cannot move its operation off of the Site without a destination being approved by King County."
5   Dkt. #207 at 4. Buckley later contends that it has previously and continues to remove material
6   from the Site, thus it cannot be said to be "stockpiling" material. *Id*. at 6. Buckley contends that
7   a King County Hearing Examiner found that Buckley's actions are not "industrial" but are
8   "agricultural." *Id*. Buckley argues that the sanctions are excessive. *Id*. at 7.
9       "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily
10  deny such motions in the absence of a showing of manifest error in the prior ruling or a showing
11  of new facts or legal authority which could not have been brought to its attention earlier with
12  reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the
13  movant believes were overlooked or misapprehended by the court, any new matters being
14  brought to the court's attention for the first time, and the particular modifications being sought
15  in the court's prior ruling." LCR 7(h)(2).
16      Buckley focuses on the facts, not the law. However, the limited facts discussed in the
17  instant Motion serve to rehash arguments previously rejected by the Court. Buckley has had
18  years to find a solution to its problem with King County while continuing to generate profits.
19  Without sanctions, there is no reason to believe this problem will be solved any time soon. The
20  Court considered a higher sanction but settled on $1,000 a day to allow Buckley to continue to
21  operate. The Court used the word "stockpile" as a verb to mean "store in a stockpile," which is
22  not an error of fact based on the record. The finding of the King County Hearing Examiner above
23  does not materially alter the facts of this case or demonstrate error in the Order. Any newly
24  presented facts about the nature of the operations at the Site prior to the hearing date could easily

ORDER DENYING MOTION FOR RECONSIDERATION OF SANCTIONS ORDER – 2

have been presented then with reasonable diligence. In sum, nothing contained in the instant Motion demonstrates error or otherwise justifies reconsideration of the Court's prior ruling.

Accordingly, having considered Buckley's Motion and the remainder of the record, the Court hereby finds and ORDERS that the Motion for Reconsideration, Dkt. #207, is DENIED.

Dated this 17th day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION OF SANCTIONS ORDER – 3