UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | CASE NO. C13-1184 RSM |
| Plaintiff, | ORDER AWARDING ATTORNEY FEES |
| v. | |
| BUCKLEY RECYCLE CENTER, INC., et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Waste Action Project's Motion to Enforce Consent Decree and the Court's Order granting that Motion and directing Plaintiff to file an accounting of fees. *See* Dkt. #209 at 2. The Court has reviewed briefing from the parties, Dkts. #209 and #216.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors,

ORDER AWARDING ATTORNEY FEES – 1

however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1]  In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)).  "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted).  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch*, 480 F.3d at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Here, Plaintiffs request $13,362 in fees based on 25.8 hours of work at a rate of $440 per hour for an attorney and 13.4 hours at $150 per hour for law clerks and paralegals.  The proposed hourly rates are not opposed by Defendants and the Court finds them reasonable.  Defendants take issue with the amount of time spent on briefing and the billing of 1.9 hours of attorney time for phone calls with King County.  *See* Dkt. #216.

The Court agrees that the 1.9 hours of time for phone calls with King County are not justified but will award the remainder of the request as follows: 23.9 hours at $440 per hour and 13.4 hours at $150 per hour for a total award of: $12,526.

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER AWARDING ATTORNEY FEES – 2

Accordingly, having considered Buckley's Motion and the remainder of the record, the Court hereby finds and ORDERS that Defendants pay Waste Action Project's fees incurred in enforcing the Consent Decree in the amount of $12,526, by check made out to Smith & Lowney PLLC and delivered to Smith & Lowney PLLC, attn. Claire Tonry, 2317 E. John St., Seattle, WA 98112, to be received no later than March 27, 2026.

Dated this 27th day of February, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER AWARDING ATTORNEY FEES – 3